Clerk's Copy
FILED
AT ALBUQUERQUE NM
OCT 1 4 1999
ROBERT M. MARCH
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DARRELL BAXTER,

Petitioner,

v.  No. CIV-99-1025 LH/KBM

JOE WILLIAMS,

Respondent.

MEMORANDUM OPINION AND ORDER

This matter is before the Court sua sponte under Rule 4 Governing Section 2254 Cases for preliminary consideration of Applicant's application for writ of habeas corpus under 28 U.S.C. § 2254. For the reasons below, the application will be dismissed.

The § 2254 application does not attack Applicant's conviction or sentence. Applicant, who is confined in a private correctional facility, claims the conditions of his confinement violate his right to equal protection of the laws and amount to cruel and unusual punishment. As grounds, Applicant alleges he is denied a desk and chair in his cell and thus has no place to sit and write correspndence or eat his meals during lockdown. He contends that inmates in state facilities enjoy the use of a desk and chair and that he suffers back problems as a result of the deprivation. The application asks that Applicant's sentence be "suspended with time served or reduced."

Although a habeas proceeding can serve to challenge certain conditions of confinement, *Preiser v. Rodriguez*, 411 U.S. 475, 499-500 & n.15 (1973), such an action must be brought as a civil rights case unless the petitioner seeks a "quantum change in the level of custody," *Graham v. Broglin*, 922 F.2d 379, 381 (7th Cir. 1991), or a reduction of the term of imprisonment. *Id.* at 380.

And although this pro se application for writ of habeas corpus must be liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520-21(1972); *Brown v. Smith*, 828 F.2d 1493, 1494 (10th Cir. 1987), Applicant's pro se characterization of his claims as arising under § 2254 is not dispositive. *Roman-Nose v. New Mexico Dep't of Human Services*, 967 F.2d 435, 436-37 (10th Cir. 1992); *Berry v. Scafe*, No. 98-3194, 1999 WL 89152, at **3-**4 (10th Cir. Feb. 23, 1999). Applicant asks for reduction of his sentence, but a judgment in his favor would not invalidate his conviction or affect his sentence. *Berry*, at **3-**4; *cf. Green v. Knowles*, No. 98-1008, 1998 WL 458561 (10th Cir. Aug. 3, 1998). Because the only relief sought is sentence reduction based on conditions of confinement, the application will be dismissed without prejudice to Applicant's right to file a complaint under 42 U.S.C. § 1983.

IT IS THEREFORE ORDERED that Applicant's application for writ of habeas corpus under 28 U.S.C. § 2254 is DISMISSED; a final order of dismissal shall be entered in accordance with this opinion.

_____
UNITED STATES DISTRICT JUDGE